UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3722
_____

COLLEEN REILLY; BECKY BITER;
ROSALIE GROSS

v.

CITY OF HARRISBURG; HARRISBURG CITY COUNSEL;
MAYOR ERIC PAPENFUSE, In his Official capacity as
Mayor of Harrisburg

Collen Reilly; Becky Biter,
Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-16-cv-00510)
District Judge: Honorable Sylvia H. Rambo

_____

Argued March 21, 2017
_____

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed May 25, 2017)

**ORDER  AMENDING  PRECEDENTIAL  OPINION**

AMBRO, Circuit Judge

IT IS NOW ORDERED that the Precedential Opinion in the above case filed May
25, 2017, be amended as follows:

On page 12, Section B, second paragraph, line two, replace "bear" with "have"

On page 12, Section B, second paragraph, lines four and eight, replace
"Government" with "[g]overnment".

On page 12, Section B, second paragraph, line thirteen, replace "Government' with "government".

On page 13, at the end of line 2 after "burden of Plantiffs.", insert a footnote that reads as follows: "To be clear, we do not take *Ashcroft* or *Gonzales* to stand for the proposition that the government has the burden of proving that a preliminary injunction is not an appropriate remedy. To the contrary, the moving party still retains the burden of proof in two principal ways: it must prove that the law restricts protected speech and that it will suffer irreparable harm. *See Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 438 (7th Cir. 2005) (as to the first burden, rejecting a motion for a preliminary injunction because the moving party failed to "show that protected speech is being restricted"). If the moving party meets the first burden, then the government must justify its restriction on speech under whatever level of scrutiny is appropriate (intermediate or strict) given the restriction in question. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("[I]n the First Amendment context, the moving party bears the initial burden of making a colorable claim that its First Amendment rights have been infringed, or are threatened with infringement, at which point the burden shifts to the government to justify the restriction."); *cf. Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009) ("[W]hen considering the likelihood of success, the district court should have inquired whether there is a sufficient likelihood the State will ultimately fail to prove its regulation constitutional.") Despite the suggestion of Defendants to the contrary, they have the burden even under intermediate scrutiny because, as already noted, "the burdens at the preliminary injunction stage track the burdens at trial." *Gonzales*, 546 U.S. at 429; *cf. Casey v. City of Newport, R.I.*, 308 F.3d 106, 111 (1st Cir. 2002) (noting that, in the application of intermediate scrutiny, "[t]he burden of proof is on the City to demonstrate that its restrictions on speech are narrowly tailored"); *Byrum*, 566 F.3d at 446 (in the context of commercial speech, which is also subject to intermediate scrutiny). If the government succeeds in justifying the restriction, then the motion for a preliminary injunction fails because there is no likelihood of success on the merits. And even if the moving party prevails on that prong, it still bears the burden of showing irreparable injury. That brings us back to the balancing of the factors that we have addressed earlier in this opinion."

On page 13, in the first full paragraph, line 10, replace the word "bear" with "meet".

On page 13, in the first full paragraph, line 11, after "ordinance is narrowly tailored" insert "appropriate to the government interest involved."

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: June 26, 2017